UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERI PARR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 15-cv-01868-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 36 |

Defendant moves for partial summary judgment as to the third cause of action, which seeks statutory penalties for Defendant's failure to turn over requested plan documents. Dkt. No. 36. Defendant contends the claim fails as a matter of law, because only ERISA plan administrators are liable for these penalties, and Defendant was not the ERISA plan administrator under § 1002(16)(A). The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7–1(b), and grants partial summary judgment in Defendant's favor.

**I.　STANDARD OF REVIEW**

A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party who seeks summary judgment bears the initial responsibility of identifying an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this initial burden, the non-moving party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. "Only disputes over facts that might affect the outcome of the suit under governing law" are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists if the nonmoving party presents evidence from which a reasonable factfinder, viewing the evidence in

1  the light most favorable to that party, could resolve the material issue in his or her favor. *Id.* at
2  248-49.

## II.  DISCUSSION

Section 1132(c)(1) states: "Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day." ERISA defines a plan administrator as "(i) the person so designated by the terms of the instrument under which the plan is operated" and "(ii) if an administrator is not so designated, the plan sponsor." 29 U.S.C. § 1002(16)(A). The "plan sponsor" is "the employer in the case of an employee benefit plan established or maintained by a single employer." § 1002(16)(B)(i).

The Ninth Circuit has held that only the plan administrator can be sued for failing to provide documents under § 1132(c)(1)(B). *See Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299-300 (9th Cir. 1989) ("Because Aetna was not designated as plan administrator in the policy and is not the plan sponsor, it is not liable under the statute."); *see also Rodriguez v. Reliance Standard Ins. Co.*, No. C 03-04189 CRB, 2004 WL 2002438, at *1 (N.D. Cal. Sept. 8, 2004) ("As Reliance was not the plan administrator as a matter of law, plaintiff's claim that Reliance owes statutory penalties for failing to provide a summary plan description fails."); *Younkin v. Prudential Ins. Co. of Am.*, 288 Fed. App'x. 344, 346 (9th Cir. 2008) (unpublished) ("Here, the ERISA plan at issue named Washington Corporations—not Prudential—as the 'plan administrator.' The fact that Prudential makes benefit determinations does not change this analysis"); *Gravelle v. Health Net Life Ins. Co.*, No. C 08–04653 MHP, 2009 WL 210450, *10 (N.D. Cal. Jan. 26, 2009) ("Only an entity designated by the statute as an administrator can be held liable for failure to provide plan documents"). The Ninth Circuit takes a strict textual, rather than functional, approach in determining the identity of the plan administrator. *Rodriguez*, 2004 WL 2002438 at *1 (rejecting an argument that an entity that acted like the administrator was de facto the plan administrator because it did not satisfy the statutory definition).

Here, because Defendant was not designated as the plan administrator as defined by §

1002(16) and because Defendant is not the plan sponsor, Plaintiff's third cause of action fails as a matter of law.[1]  Accordingly, the Court GRANTS partial summary judgment as to the third cause of action.[2]

**IT IS SO ORDERED.**

Dated: 6/23/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc), is inapposite, as *Cyr* dealt with an ERISA section not applicable here.  Plaintiff has cited nothing to suggest that *Cyr* applies to § 1132(c)(1), and the Court declines to extend its application.  *See Moran*, 872 F.2d at 299 (holding that "[t]he rationale and policies articulated by the [Supreme Court] require us to limit liability under 1132(c) to the targets expressly identified by Congress in section 1002(16)").

[2] Plaintiff argues that Defendant's motion is inappropriate in light of the parties' stipulation to resolve the remaining ERISA claims through Rule 52 motions, *see* Dkt. No. 32.  Although Plaintiff correctly characterizes the stipulation, this is not a basis for the Court to decline to rule on this motion.  Plaintiff has raised the very same arguments in its Rule 52 motion, Dkt. No. 41, and both parties have had an opportunity to thoroughly brief the issue.